NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____
:
LILLIAN EDWARDS,                                                :
Administratrix Ad Prosequendum of the              :
Estate of Kenneth Edwards, on behalf the          :
Estate and the Survivors of Kenneth                    :
Edwards,                                                               :
                                                                          :
                              Plaintiff,                             :    Civil Action No. 08-6359 (JAP)
       v.                                                              :
                                                                          :    **OPINION**
MIDDLESEX COUNTY, EDMUND                        :
CICCHI, Warden/Administrator of the                :
Middlesex County Correctional Center,             :
CFG HEALTH SYSTEMS, LLC, CENTR            :
FOR FAMILY GUIDANCE, P.C.,                         :
LAURIE WREN, R.N., Health Services              :
Administrator for CFG Health Systems,            :
LLC, and/or Center for Family                          :
Guidance, P.C. , and PAUL PINHO, M.D.,      :
and JAMES NEAL, M.D.,                                  :
                                                                          :
                              Defendants.                       :
_____ :

PISANO, District Judge:

      Presently before the Court are two Motions to Dismiss plaintiff Lillian Edwards, Administratrix Ad Prosequendum of the Estate of Kenneth Edwards, on behalf of the Estate and the Survivors of Kenneth Edwards's Amended Complaint filed by defendants Paulo Pinho, M.D. and James Neal, M.D. pursuant to Federal Rule of Civil Procedure 12(b)(6). Docket Entry No. 37; 39. Both Defendants argue that Plaintiff's claims against them are barred by the statute of limitations. For the reasons set forth below, this Court finds that the relation-back doctrine applies to Plaintiff's claims against Pinho and Neal. Defendants' Motions to Dismiss are therefore denied.

I.   Background[1]

This is a survival and wrongful death action brought by Lillian Edwards, Administratrix Ad Prosequendum of the Estate of Kenneth Edwards, on behalf of the Estate and the Survivors of Kenneth Edwards ("Plaintiff") pursuant to N.J.S.A. 2A:15-3 and N.J.S.A. 2A:31-1, and an action to redress violations of Mr. Edwards's rights under the Eight and/or Fourteenth Amendments to the United States Constitution pursuant to 42 U.S.C. § 1983. Amend. Compl. at ¶¶ 1, 3. Mr. Edwards died from cancer on March 27, 2007. *Id.* at ¶ 2. At the time of his death, Mr. Edwards was a pre-trial detainee at Middlesex County Correctional Center ("MCCC"). *Id.* at ¶¶ 2, 3. He was incarcerated at MCCC from December 12, 2006 until March 17, 2007. *Id.* at ¶ 2. While an inmate at MCCC, Mr. Edwards was in the care of Middlesex County and CFG Health Services, LLC/Family Guidance Center, P.C. ("CFG" or the "Family Guidance Center"). *Id.* CFG is a private medical provider under contract to provide medical care to inmates at MCCC. *Id.* Defendants Paulo Pinho and James Neal, medical doctors employed by CFG or the Family Guidance Center at the time of Mr. Edwards's death, were responsible for and involved in Mr. Edwards's medical treatment while he was an inmate at MCCC. *Id.* at ¶¶ 12, 42.

In mid-December 2006, Mr. Edwards began experiencing abdominal discomfort. *Id.* at ¶ 15. Mr. Edwards began complaining of abdominal discomfort and related pain, and also began exhibiting physical signs of abdominal morbidity during the first weeks of his incarceration at MCCC. *Id.* at ¶ 17. In response to Mr. Edwards's complaints of pain and a physically extended abdomen, the medical staff at MCCC administered antacids and low-grade pain relievers. *Id.* at ¶ 18. Mr. Edwards continued to complain of increasing abdominal pain and an increasingly

---

[1] In addressing Defendants' Motions to Dismiss, the Court must accept as true the allegations contained in Plaintiff's Amended Complaint. *See Toys "R" US, Inc. v. Step Two, S.A.*, 318 F.3d 446, 457 (3d Cir. 2003); *Dayhoff, Inc. v. H.J. Heinz Co.*, 86 F.3d 1287, 1301 (3d Cir. 1996). Accordingly, the facts recited herein are taken from the Complaint, and do not represent this Court's factual findings.

distended abdomen throughout December, January, February, and March.  *Id.* at 23.  The medical staff at MCCC diagnosed Mr. Edwards as suffering from either a hernia and/or stomach upset, and an anxiety disorder.  *Id.* at ¶ 24.  He was given antacids, over-the-counter medications, and mild palliatives for his pain.  *Id.* at 24.  None of the medications given to him for pain were effective.  *Id.*  Despite Mr. Edwards worsening symptoms, he did not receive any diagnostic testing for his abdominal condition until mid-March 2007.  *Id.* at ¶ 19.  Mr. Edwards was finally admitted to the hospital on or about March 17, 2007, at which time a colonoscopy and a CT scan were performed.  *Id.* at ¶ 20.  The tests revealed advanced carcinoma of the liver and stomach lining, secondary to a malignant tumor in Mr. Edwards's colon.  *Id.*  By the time Mr. Edwards was admitted to the hospital his cancer was so advanced that treatment was no longer available.  *Id.* at ¶ 21.  Mr. Edwards died on March 27, 2007, approximately 10 days after his admission to the hospital.  *Id.* at ¶¶ 2, 20.

On December 24, 2008, Plaintiff filed a Complaint against Middlesex County, Edmund Cicchi, Warden/Administrator of MCCC, CFG, Family Guidance Center, Laurie Wren, R.N., Health Services Administrator for CFG and/or Family Guidance Center, and John Does 1 through 4.  Docket Entry No. 1.  CFG, Family Guidance Center, and Wren filed their Answer to the Complaint, Separate Defenses, and Cross-Claims against Middlesex County and Cicchi on February 25, 2009.  Docket Entry No. 9.  Middlesex County filed its Answer to the Complaint and Cross-Claims, Separate Defenses, and Cross-Claims against CFG, Family Guidance Center, and Wren on March 24, 2009.  Docket Entry No. 13.  Cicchi filed his Answer to the Complaint and Cross-Claims, Separate Defenses, and Cross-Claims against all of his co-defendants on April 14, 2009.  Docket Entry No. 17.  Pinho and Neal were not named as defendants in Plaintiff's December 24, 2008 Complaint, nor were they joined as defendants by CFG, Family Guidance

Center, Wren, Middlesex County, or Cicchi. *See* Docket Entry No. 1; 9; 13; 17. The parties engaged in discovery, and as a result of information uncovered during the discovery process, Plaintiff filed a motion for leave to amend her complaint pursuant to Federal Rule of Civil Procedure 15(c) by adding Pinho and Neal as defendants on December 24, 2009. Docket Entry No. 24. The unopposed motion was granted on January 29, 2010. Docket Entry No. 26. The Amended Complaint naming Pinho and Neal was filed on February 2, 2010. Docket Entry No. 27. Middlesex County and Cicchi both answered the Amended Complaint and asserted cross-claims against Pinho and Neal. Docket Entry No. 35; 36. Pinho and Neal filed the instant motions to dismiss on February 26, 2010 and March 3, 2010, respectively. Docket Entry No. 37; 39. Pinho and Neal both contend that the applicable statute of limitations bars Plaintiff's claims against them. *Id.*

II. Standard of Review

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Under Federal Rule of Civil Procedure 12(b)(6), a court may grant a motion to dismiss if the complaint fails to state a claim upon which relief can be granted. Recently, the Supreme Court refashioned the standard for addressing a motion to dismiss under Rule 12(b)(6). *See Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 562 (2007). The *Twombly* Court stated that, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, ... a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Id.* at 555 (internal citations omitted); *see also Baraka v. McGreevey,* 481 F.3d 187, 195 (3d Cir. 2007) (stating that standard of review for motion to dismiss does not require courts to accept as true "unsupported

4

conclusions and unwarranted inferences" or "legal conclusion[s] couched as factual allegation[s]." (internal quotation marks omitted)).  Therefore, for a complaint to withstand a motion to dismiss under Rule 12(b)(6), the "[f]actual allegations must be enough to raise a right to relief above the speculative level, ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact)..." *Twombly*, *supra*, 550 U.S. at 555 (internal citations and footnote omitted).

More recently, the Supreme Court has emphasized that, when assessing the sufficiency of a civil complaint, a court must distinguish factual contentions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).  A complaint will be dismissed unless it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1949 (quoting *Twombley*, *supra*, 550 U.S. at 570.)  This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Fowler v. UPMC Shadyside*, 2009 WL 2501662, *5 (3d Cir. August 18, 2009) (citations omitted).

III.   Discussion

The statute of limitations applicable to Plaintiff's claims is two years.  N.J.S.A. 2A:14-2(a) ("[e]very action at law for an injury to the person caused by the wrongful act, neglect or default of any person within this State shall be commenced within two years next after the cause of any such action shall have accrued"); *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010) ("state law provides the statute of limitations applicable to a section 1983 claim").  A party who timely files a complaint may amend the complaint by adding new parties after the applicable statute of limitations has run provided the requirements of Federal Rule of Civil

Procedure 15(c) are met. *See Krupski v. Costa Crociere S. p. A.*, __ U.S. __, 2010 WL 2243705, *3 (2010). If the requirements of Rule 15(c) are met, the amended complaint will "relate back" to the date the original complaint was filed. *Krupski* __ U.S. at __, 2010 WL 2243705, *10.

Rule 15(c) states:[2]

> (1) When an Amendment Relates Back. An amendment to a pleading relates back to the date of the original pleading when:
> (A) the law that provides the applicable statute of limitations allows relation back;
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1)(A)-(C).

Here, Plaintiff's amendment "changes the party or the naming of the party against whom a claim is asserted," therefore, Rule 15(c)(1)(C) is applicable. Rule 15(c)(1)(C) has three requirements. Fed. R. Civ. P. 15(c)(1)(C)(i)-(ii). First, the requirements of Rule 15(c)(1)(B) must be met. Fed. R. Civ. P. 15(c)(1)(C). Second, the newly named defendant must have received notice of the action such that he will not be prejudiced in defending on the merits within the period provided by Federal Rule of Civil Procedure 4(m), i.e., 120 days from the filing of the original complaint. Fed. R. Civ. P. 15(c)(1)(C)(i); Fed. R. Civ. P. 4(m). Finally, the newly named defendant knew or should have known, within the Rule 4(m) period, that but for a mistake concerning the proper

---

[2] The parties appear to argue that all three subparts of Federal Rule of Civil Procedure 15(c) must be satisfied before an amendment relates back to the date of the original filing. A plain reading of the Rule indicates that this is not the case. Rule 15(c) is drafted in the disjunctive and requires that only one subpart must be met before a party may avail itself of relation back to the date of the original filing.

6

party's identity he would have been named in the original complaint. Fed. R. Civ. P. 15(c)(1)(C)(ii).

In this case, no one disputes that the claims Plaintiff wishes to bring against Pinho and Neal "arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading," and after reviewing the original and amended complaints the Court concludes that the requirements of Rule 15(c)(1)(B) are met. Accordingly, the Court will only discuss the second and third requirements of Rule 15(c)(1)(C).

Rule 15(c)(1)(C)(i), the notice requirement, does not require that the newly named defendant receive notice of the original complaint by service of process, instead, "notice may be deemed to have occurred when a party who has some reason to expect his potential involvement as a defendant hears of the commencement of litigation through some informal means." *Singletary v. Pa. Dept. of Corr.*, 266 F.3d 186, 195 (3d Cir. 2001). The Third Circuit recognizes two methods of imputed notice. *See id.* at 196-97. The first is the "shared attorney" method which requires that the newly named defendant share an attorney with one of the defendants named in the original complaint. *Id.* at 196. The second is the "identity of interest" method which requires that the parties be "so closely related in their business operations or other activities that the institution of an action against one serves to provide notice of the litigation to the other." *Id.* at 197 (quoting 6A Charles A. Wright et al., *Federal Practice And Procedure* § 1499, at 146 (2d ed.1990)). The prejudice prong of Rule 15(c)(1)(C)(i) is closely related to the type of notice the newly named defendant received. *Id.* at 194, n. 3. "[O]nce it is established that the newly named defendant received some sort of notice within the relevant time period, the issue becomes whether that notice was sufficient to allay any prejudice the defendant might have suffered by not being named in the original complaint." *Id.*

7

In this case, Pinho argues that neither type of imputed notice applies and the claims against him must be dismissed.  The Court disagrees.  The Court finds that the "identity of interest" test has been satisfied.  Pinho was the medical director for CFG at the MCCC site while Mr. Edwards was an inmate at MCCC.  Certification of Justin T. Loughry ("Loughry Certif."), Exhibit E at 2.  In his role as medical director, Pinho was responsible for providing medical care for the inmates at MCCC pursuant to Middlesex County's contract with CFG.  *See* Amended Compl. at ¶¶ 10, 12.  As a result, CFG and Pinho are "so closely related in their business operations or other activities that the institution of an action against one serves to provide notice of the litigation to the other."  CFG was contractually bound to provide medical care for the inmates at MCCC and it employed Pinho to carry out that contractual obligation.  CFG and Pinho must both defend the quality of care that was provided to Mr. Edwards while he was under their care.  Furthermore, in investigating the allegations against it, CFG must have contacted Pinho, its medical director at the time this cause of action accrued, shortly after it was served with the summons and complaint.

Although Neal does not appear to deny that he received notice of this action within the Rule 4(m) period, the Court finds that the "shared attorney" test is satisfied with respect to Neal.  Neal was CFG's corporate medical director at the time Mr. Edwards was an inmate at MCCC and is represented by Thomas J. Decker of Decker & Magaw, the same attorney representing originally named defendants CFG, Family Guidance Center, and Wren in this action.  Neal Brief; Docket Entry No. 9.  The shared attorney test is therefore satisfied.

The Court also concludes that Pinho and Neal are not prejudiced in defending against Plaintiff's claims on the merits.  As discussed above, Neal is represented by the same attorney as CFG, Family Guidance Center, and Wren, an attorney who has been involved in this case from

8

the outset. Pinho is not prejudiced because this case has not been scheduled for trial and he will consequently have adequate opportunity to engage in discovery.

Rule 15(c)(1)(C)(ii) requires that the newly named defendants "knew or should have known that the action would have been brought against [them], but for a mistake concerning the proper party's identity." The Supreme Court has recently state that "[t]he question under Rule 15(c)(1)(C)(ii) is not whether [the plaintiff] knew or should have known the identity of [the newly named defendant] as the proper defendant, but whether [the newly named defendant] knew or should have known that it would have been named as a defendant but for an error. Rule 15(c)(1)(C)(ii) asks what the prospective *defendant* knew or should have known during the Rule 4(m) period." *Krupski*, *supra*, __ U.S. at __, 2010 WL 2243705, *7 (emphasis in original). Information in the plaintiff's possession is relevant only as it relates to the defendant's understanding of whether there was a mistake concerning the proper party's identity. *Id.* Further, Plaintiff's knowledge that a party exists does not preclude the plaintiff from making a mistake with regard to the proper party's identity. *Id.* The only inquiry under Rule 15(c)(1)(C)(ii) is whether the newly named defendant knew or should have known that but for the plaintiff's mistake the action would have been brought against him. *Id.*

In the instant action, both Pinho and Neal treated Mr. Edwards while he was an inmate at MCCC. Neal, CFG's corporate medical director, admits that he was at MCCC at least once a month and saw Mr. Edwards on March 12, 2007, several days before he was admitted to the hospital. Neal Brief at 6. In this suit arising out of the alleged medical malpractice of Mr. Edwards's treating physicians it is hard to comprehend that the physicians who treated Mr. Edwards did not know that they would be named as parties in the instant suit but for a mistake as to their identities. In any event, the Court concludes that even if Pinho and Neal did not know

9

that they would have been named as defendants, they should have known that as physicians who treated Mr. Edwards during his incarceration they would be named as defendants in the instant suit but for Plaintiff's mistake as to their identities, thus satisfying the requirement of Rule 15(c)(1)(C)(ii).

The Court finds that the requirements of Rule 15(c)(1)(C) are met and Plaintiff's Amended Complaint relates back to the date that the original complaint was filed, thus rendering the Amended Complaint timely.  Therefore, Pinho and Neal's respective Motions to Dismiss are denied.

IV.   Conclusion

For the reasons set forth above, Defendants' Motions to Dismiss are denied.  An appropriate Order accompanies this Opinion.

/s/ JOEL A. PISANO
United States District Judge

Dated: June 14, 2010